**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **MARY SUTTER, HARRIS COUNTY INSURANCE AGENCY, L.L.C., GILVANER SOARES, MONTGOMERY COUNTY INSURANCE AGENCY, L.L.C., NOEL DIAZ, INSURANCE AGENCY DISCOUNTERS, INC., and RICHARD A. CARRIER, JR., MANAGEMENT BY CARRIER, INC.,** § § § § § § § § § § § |  |
| **Plaintiffs,** § § | |
| | § **CIVIL ACTION NO. _____** |
| **vs.** § § | |
| **ALLSTATE INSURANCE COMPANY AND JOHN DROTT,** § § § § | |
| **Defendants.** § | |

## **DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Allstate Insurance Company ("Allstate") files this notice of removal from the 189th Judicial Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division on the following grounds:

### **I.   INTRODUCTION**

1.   On or about January 14, 2021, Plaintiffs Mary Sutter; Harris County Insurance Agency, L.L.C.; Gilvaner Soares; Montgomery County Insurance Agency, L.L.C.; Noel Diaz; Insurance Agency Discounters, Inc.; Richard A. Carrier, Jr.; and Management By Carrier, Inc., ("Plaintiffs") filed Plaintiffs' Original Petition in the 189th Judicial Court of Harris County, Texas styled: *Mary Sutter, Harris County Insurance Agency, L.L.C., Gilvaner Soares, Montgomery County Insurance Agency, L.L.C., Noel Diaz, Insurance Agency Discounters, Inc.,*

1

*Richard A. Carrier, Jr., and Management By Carrier, Inc. v. Allstate Insurance Company and John Drott*, Cause No. 2021-02252. Plaintiffs bring claims against Allstate for misclassification as an independent contractor under the Fair Labor Standards Act ("FLSA"), breach of contract, and tortious interference. Plaintiffs bring additional claims against both Allstate and Defendant John Drott for promissory estoppel, negligent misrepresentation, deceptive trade practices, fraud in the inducement, and fraud. Plaintiffs' claims originate from exclusive agency agreements with Defendant Allstate.

## II.     REMOVAL PROCEDURES AND VENUE

2.     This Notice of Removal is timely filed. The Original Petition was filed on January 14, 2021 and this Notice of Removal is filed within thirty (30) days. *See* U.S.C 1446(b).

3.     Pursuant to 28 U.S.C. 1446(a) and Southern District of Texas Local Rule 81, copies of all process, pleadings, orders, and other papers filed in the state court action are attached to this Removal, including: Index of Matters Being Filed attached hereto as Exhibit "1"; the state court docket sheet attached hereto as Exhibit "2"; Plaintiffs' Original Petition attached hereto as Exhibit "3"; Notice of Removal of State Court Action attached hereto as Exhibit "4"; and a list of all counsel of record, including addresses, telephone numbers, and parties represented attached hereto as Exhibit "5". Along with the filing of this Notice of Removal, Allstate is filing copies of the Notice of Removal with the 189th Judicial Court of Harris County, Texas pursuant to 28 U.S.C. 1446(d).

4.     Venue for this Removal is proper in the U.S. District Court for the Southern District of Texas, Houston Division because this district and division includes Harris County, Texas, the location of the pending state court action. *See* 28 U.S.C. § 1441(a).

5. Upon information and belief, Defendant John Drott has not been served with Plaintiffs' Original Petition.

6. Upon information and belief, Defendant John Drott would consent to this Notice of Removal.

### III. BASIS FOR REMOVAL: FEDERAL QUESTION

7. This case is removable based upon federal question jurisdiction because Plaintiffs' Original Petition alleges claims arising under the FLSA, 29 U.S.C. § 201 *et seq*. *See* Original Petition ¶ 29 ("Sutter, Soares, and Diaz are entitled to benefits afforded to Allstate's employees and minimum wage as required under the Fair Labor Standards Act"); *see also* 28 U.S.C. §§ 1331, 1441; 29 U.S.C. §§ 1132(e), 1144(a); *Breuer v. Jim's Concrete*, 538 U.S. 691, 691-92 (2003) (claims brought in state court under FLSA are removable to federal court).

6. Additionally, under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because these claims arise under the same facts concerning Plaintiffs' federal law claim and form the same case or controversy. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 558 (2005) (noting that "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction"). In particular, Plaintiffs allege that all their state law and federal claims arise from "an Exclusive Agency contract" that Allstate terminated "for engaging in outside business activities." Original Petition ¶¶ 15, 18. According to the Original Petition, Plaintiffs' primary or sole source of income allegedly was the exclusive agency contract, the termination of which "jeopardizes Agency Plaintiffs' insurance agencies and their livelihoods." Original Petition ¶ 21.

8. When a plaintiff's "state law claims arise from the same 'common nucleus of operative facts' as [the plaintiff's] federal claims . . . the [federal court] should exercise supplemental jurisdiction and review the claims on the merits." *Gable v. Meeks*, No. 3:18-CV-1545-M-BH, 2019 WL 2931947, at *5 (N.D. Tex. June 14, 2019); *see Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 871 (5th Cir. 1984) ("Although appellants' present claim alleges various other acts of wrongdoing by [Defendant], all of those acts are alleged to have produced or resulted from, and were integrally related to . . . , a 'common nucleus of operative facts.'"); *Cortez v. Bravo Restaurant Grp.*, No. 19-CV-01512, 2020 WL 2557416, at *4 (N.D. Ill. May 20, 2020) ("[A]ny incentive-based pay that [Plaintiff] was entitled to receive under the Agreement would directly impact [Plaintiff's] recovery under his FLSA claim . . . and his breach of contract claim. This suffices to find a common nucleus of operative facts."). Accordingly, supplemental jurisdiction exists over Plaintiffs' state law claims.

9. In filing this Notice of Removal, Defendant reserves all substantive and procedural claims, counterclaims, and defenses, including but not limited to defenses respecting service of process and personal jurisdiction.

## IV.   CONCLUSION

10. Defendant Allstate Insurance Company respectfully requests that all proceedings in the state court action be discontinued, and that this action proceed in this Court as an action properly removed to it.

Date: January 15, 2021                Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

/s/ *Brian G. Patterson*
Brian G. Patterson
Texas Bar No. 24042974
bpatterson@akingump.com
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone:   (713) 220-5800
Facsimile:   (713) 236-0822

Robert G. Lian, Jr. (*pro hac vice* pending)
blian@akingump.com
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

James Crowley (*pro hac vice* pending)
jcrowley@akingump.com
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

**ATTORNEYS FOR DEFENDANT ALLSTATE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 15th day of January, 2021.

*/s/ Brian Patterson*
Brian Patterson